**Dated: October 2, 2018**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF OKLAHOMA

In re:                                           )
                                                 )
FUNCHAL MINERALS LIMITED,    ) Case No. 18-12988-SAH
an Oklahoma corporation,           ) Chapter 7 - Involuntary
                                                 )
                    Debtor.                 )

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO RECONSIDER ORDER (i) DIRECTING DEBTOR TO FILE ITS LIST OF CREDITORS, SCHEDULES, AND STATEMENT OF FINANCIAL AFFAIRS OR, ALTERNATIVELY, DIRECTING TRUSTEE TO FILE THE SAME, AND (ii) HOLDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DIRECTING ABANDONMENT OF PROPERTY AND FOR WAIVER OF THE FOURTEEN DAY STAY PURSUANT TO FED. R. BANKR. P. 4001(a)(3) [DOC. 17] IN ABEYANCE [DOC. 22]**

On September 13, 2018, this Court entered the Order (i) Directing Debtor to File its List of Creditors, Schedules, and Statement of Financial Affairs or, Alternatively, Directing Trustee to File the Same, and (ii) Holding Motion for Relief from the Automatic Stay and Directing Abandonment of Property and for Waiver of the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3) [Doc. 17] in Abeyance [Doc. 19] (the "Order"). In the Order, the Court:

1. Directed Funchal Minerals Limited ("Debtor") to file a list of creditors, schedules and statement of financial affairs (the "Required Filings") pursuant to 11 U.S.C. § 521(a) and Rule 1007, Fed. R. Bankr. P., no later than September 27, 2018;

2. In the event Debtor failed to satisfy its obligations as set forth above, directed Trustee, with the assistance and cooperation of Debtor and Pauls Valley National Bank and Arrowhead Energy, Inc. ("Petitioning Creditors"), and at Petitioning Creditors' cost, to prepare and file the Required Filings no later than November 1, 2018; and

3. Held the Motion for Relief from the Automatic Stay and Directing Abandonment of Property and for Waiver of the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3) [Doc. 17] (the "Stay Motion"), filed by Petitioning Creditors on September 10, 2018, in abeyance until November 2, 2018, at which time Petitioning Creditors were to file an amended Stay Motion and serve it on all creditors listed on the filed list of creditors.

Unhappy with the Order, Petitioning Creditors filed the Motion to Reconsider Order (i) Directing Debtor to File its List of Creditors, Schedules, and Statement of Financial Affairs or, Alternatively, Directing Trustee to File the Same, and (ii) Holding Motion for Relief from the Automatic Stay and Directing Abandonment of Property and for Waiver of the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3) [Doc. 17] in Abeyance [Doc. 22], on September 27, 2018 (the "Reconsideration Motion"), requesting that the Order be modified to direct:

1. Debtor to file the Required Filings no later than September 27, 2018;

    2.        Toll the time for responses to the Stay Motion until entry of the Court's order on the Reconsideration Motion; and

    3.        Regardless of any response or objection being filed to the Stay Motion, that a preliminary hearing on the Stay Motion be set within the time required by 11 U.S.C. § 362(e)(1).

As this Court interprets the Reconsideration Motion, Debtor and its principal used the bankruptcy system in California as a litigation tactic to delay or forestall Oklahoma foreclosure litigation,[1] and Petitioning Creditors are now using the Oklahoma bankruptcy system to preempt further litigation moves by Debtor in California.[2] Having filed the involuntary petition invoking the automatic stay, Petitioning Creditors now quickly seek to modify the automatic stay to proceed with their own litigation. If the Court had the necessary information regarding Debtor's assets, liabilities, and known creditors, the Petitioning Creditors' maneuvering would not be problematic. But here, the Required Filings have not been made, and in their absence, this Court cannot assess whether granting relief from stay and abandonment is substantively and procedurally proper at this time. Petitioning Creditors should not be shocked or dismayed by the Court's position.

---

[1] Debtor's principal filed an individual petition for relief under chapter 13 on January 30, 2017, in the Northern District of California bankruptcy court, which was dismissed for lack of eligibility with a bar to refiling for a period of two years. Reconsideration Motion, p. 2, ¶ 5 & pp. 3-4, ¶¶ 11-12.

[2] As stated in the Reconsideration Motion, Petitioning Creditors "elected to file the instant involuntary proceeding due to: (1) the Debtor's attempt to transfer ownership of the minerals by the April 19, 2017 Assignment, (2) concern that the Debtor may have transferred or attempted to transfer assets, and (3) the Debtor's repeated threats to hinder and delay the Foreclosure Litigation by commencing new litigation or a corporate bankruptcy filing in California." Reconsideration Motion, p. 4, ¶ 16.

**Modification of Order to Permit Application for Reimbursement of Expenses**

1.  As the Tenth Circuit Bankruptcy Appellate Panel has stated:

    > We cannot overemphasize the importance to the bankruptcy system of full and honest disclosure of information by the parties seeking its protections. A Chapter 7 proceeding is not, nor should be, an arena in which players engage in obfuscation of facts in order to obtain an outcome not sanctioned by the Bankruptcy Code. Instead, a bankruptcy liquidation should be conducted as a joint effort to obtain both a fresh start for the debtor and the best possible return for its creditors, all within an environment of relative calm, overseen by the dispassionate but watchful eyes of a Chapter 7 trustee and ultimately ruled on by the bankruptcy judge. **Competitive gamesmanship is inappropriate to the bankruptcy system**.

    United States Trustee v. Garland (In re Garland), 417 B.R. 805, 815 (10th Cir. BAP 2009) (emphasis added). The fact that the Bankruptcy Code requires debtors to execute schedules and statements of financial affairs under penalty of perjury is "neither coincidence or accident. Administration of a bankruptcy case is greatly impaired unless these documents are prepared carefully, thoughtfully and accurately." Woolman v. Wallace (In re Wallace), 289 B.R. 428, 435 (Bankr. N.D. Okla. 2003). "[T]hose who seek shelter of the bankruptcy code must provide 'complete, truthful and reliable information.'" Job v. Calder (In re Calder), 907 F.2d 953, 956 (10th Cir. 1990) (quoting Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987)). Here, it is Petitioning Creditors, rather than Debtor, who invoked the jurisdiction of this Court and seek its protection.

2.  Rule 1007(k) of the Federal Rules of Bankruptcy Procedure provides:

    > If a list, schedule, or statement, other than a statement of intention, is not prepared and filed as required by this rule, the court may order the trustee, a petitioning creditor, committee, or other party to

4

> prepare and file any of these papers within a time fixed by the court. The court may approve reimbursement of the cost incurred in complying with such an order as an administrative expense.

Rule 1007(k) specifically permits the Court to authorize someone other than the debtor to prepare and file the schedules, statement of financial affairs, and list of creditors when a debtor fails to do so. In re Samuel, 2018 WL 3768422, *7 (Bankr. E.D. Cal. 2018); In re Saturley, 131 B.R. 509, 519 (Bankr. D. Me. 1991); In re Riker Ind., Inc., 122 B.R. 964, 974 (Bankr. N.D. Ohio 1990) (court may approve reimbursement of the cost incurred by a third party preparing the schedules, statement of financial affairs and list of creditors). Thus, this Court has the authority to require a trustee or a petitioning creditor to prepare, to the extent permitted by existing books, records and related information recovered, and file a list of creditors, schedules, and statement of financial affairs.[3]

3. One of the potential expenses that petitioning creditors should be leery of is the cost of preparing and filing schedules, statement of financial affairs, and the list of creditors for the involuntary debtor under Rule 1007(k) of the Federal Rules of Bankruptcy Procedure. Orsini v. Interiors of Yesterday, LLC (In re Interiors of Yesterday, LLC), 284 B.R. 19, 28 n.22 (Bankr. D. Conn. 2002). Here, the Court has no idea whether the bankruptcy estate will have any recoverable assets from which Trustee can seek payment of his fees and expenses incurred in preparing and filing the Required Filings. Therefore, it seems fair and appropriate that Petitioning Creditors, who invoked the jurisdiction of the Bankruptcy Code to protect themselves and their positions, bear the risk of non-payment rather than

---

[3]The Court chose Trustee to prepare the Required Filings, rather than Petitioning Creditors, as he is independent of the litigation between Petitioning Creditors and Debtor, has no incentive or interest in seeing that the number of creditors are minimized, and has a fiduciary obligation to all creditors of Debtor's bankruptcy estate, not just Petitioning Creditors.

|   | |
|---|---|
|   | Trustee who was randomly assigned to the case.  Moreover, the Court sees little economic difference between ordering Petitioning Creditors to prepare and file the Required Filings and bear the attendant cost (as expressly allowed by Rule 1007(k)) and ordering Trustee to prepare and file the Required Filings with Petitioning Creditors bearing the attendant cost.  The critical difference, of course, is the impartiality offered and fiduciary duty owed by Trustee to all creditors of the estate. |
| 4. | Although the Order directed that costs and expenses incurred by Trustee in preparing the Required Filings be paid by Petitioning Creditors, it did not specifically allow them to seek reimbursement as an administrative expense.  In the Court's discretion, pursuant to Rule 1007(k), such costs and expenses may be reimbursed as an administrative expense.  In re Taylor & Associates, L.P., 193 B.R. 465, 482 (Bankr. E.D. Tenn. 1996) (vacated for other reasons by In re Taylor & Associates, L.P., 249 B.R. 431 (E.D. Tenn. 1997)).  If the estate proves to contain assets, Petitioning Creditors may file an application to have their costs and expenses reimbursed as administrative expenses.  The Order is accordingly so MODIFIED. |

**Modification of the Order to Deny Stay Motion as Premature**

|   | |
|---|---|
| 5. | Petitioning Creditors complain that the Order violates their substantive rights under 11 U.S.C. § 362(e)(1) to have a hearing on the Stay Motion within thirty (30) days of its filing. |

6. The Court is well aware of such requirement.[4] However, until the Required Filings are prepared and filed, this Court is simply not in a position, under any circumstance, to grant the relief requested in the Stay Motion – relief from the automatic stay to continue a sheriff's sale that may consequently extinguish Debtor's, as well as the bankruptcy estate's, rights in certain minerals and abandonment of such minerals for the sole and exclusive benefit of Petitioning Creditors.

7. At present, the Court does not know whether any other creditors exist who are entitled to notice of the relief requested in the Stay Motion, and further, will not know until the Required Filings are made. As a result, rather than create a possible issue with respect to the requirements of Section 362(e)(1), the Court will MODIFY the Order to DENY THE STAY MOTION based on lack of relevant information that can only be cured by Trustee preparing and making the Required Filings.

IT IS SO ORDERED.

# # #

---

[4] As noted in the Order, the Court considered denying the Stay Motion without prejudice to refiling as simply being premature due to the absence of the Required Filings. However, Petitioning Creditors would then have been required to file another motion and pay another filing fee in order to seek stay relief and abandonment once the Required Filings had been made. Such consideration by the Court is apparently of little import to Petitioning Creditors.